IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL BYRD FERGUSON,<br><br>    Petitioner<br><br>v.<br><br>ARNOLD SCHWARZENEGGER Governor of California,<br><br>    Respondent.                       / | No. C 04-2565 SI<br><br>**ORDER DENYING PETITIONER'S REMAINING CLAIM IN PETITION FOR WRIT OF HABEAS CORPUS** |

By order filed August 9, 2006, the Court denied in part petitioner's petition for a writ of habeas corpus. The Court also directed further briefing on petitioner's remaining claim that the trial court violated his rights under the Sixth and Fourteenth Amendments when it denied his request for a continuance to substitute counsel on the day of his sentencing. The Court has reviewed the parties' supplemental papers, and for the reasons set forth below, DENIES the remainder of the petition.[1]

**BACKGROUND**

The California Court of Appeal summarized the events at petitioner's sentencing as follows:

> Initially defendant asked for a continuance in order to receive "a second opinion over the whole entire situation prior to being sentenced so that certain issues that I have can be resolved." When the trial court asked, "an opinion as to what," defendant responded, "[a]s to the whole overall process of the trial that took place." The court then explained that it did not "think that it's feasible to approach it from that point of view," that defendant could appeal and that the appellate process was the proper vehicle in which to address his concerns regarding what took place during the trial.

---

[1] Petitioner's supplemental brief raised a number of contentions outside the scope of the Court's order directing further briefing. The Court does not consider those arguments, which largely repeat petitioner's earlier briefing on the merits of petitioner's claim.

> Defendant next said he wanted a different attorney, Mr. Hatcher to represent him at sentencing. Defendant said he was trying to hire Mr. Hatcher, but that "he's been in the hospital." Defendant added that he assumed that if Mr. Hatcher "would recover from his hospital visit that he was more than willing to represent me through the sentencing." The trial court denied the motion to continue, reasoning that "that may be the case but Mr. Hatcher has some serious medical problems that [*sic*] we don't know when he would be available. So without his presence here . . . I'm not willing to continue the matter on the theory that at some point he might be available to represent you."
>
> Trial counsel then indicated to the court that defendant did not want his representation at sentencing and preferred to represent himself. Asked if he intended to represent himself, defendant told the court, "I don't feel that my attorney is competent and aggressive enough in dealing with this situation. . . . If you refuse to let me postpone sentencing then he's got to go because I'm not going to have a counsel which I feel is not competent enough to deal with this situation."
>
> After announcing its intention "to proceed with sentencing today," the court gave defendant the right to either represent himself or have his current attorney represent him "as you choose." [In a] discussion off the record, the court noted that defendant "indicated he will continue to proceed" with his current attorney and that, "given that, [the court is] unwilling to delay the matter for appearance of Mr. Hatcher as other counsel."

Answer, Ex. D at 14-15; *see also* Ex. B-2, RT at 1252-54 (transcript of sentencing hearing).

The California Court of Appeal held that the trial court properly exercised its discretion when it denied petitioner's requests for a continuance in order to obtain substitute counsel. The court held:

> Here, defendant did not make a showing of good cause for the continuance when he sought "a second opinion" regarding the "whole overall process of the trial that took place." The trial court properly explained to defendant that th[at] type of review is properly address[ed] by the appellate process after judgment is imposed.
>
> Defendant's second request for an indefinite continuance in order to hire Mr. Hatcher to represent him at sentencing in the indefinite future once Mr. Hatcher would be released from the hospital was untimely because it was made at the sentencing hearing. Moreover, defendant had not retained Mr. Hatcher, and the requested continuance was likely to disrupt the orderly process of justice since the intended substitute counsel was seriously ill and had not indicated when he would be prepared to proceed with sentencing. Given the uncertainty of Mr. Hatcher's availability or intent to represent defendant, the trial court did not abuse its discretion by denying defendant's motion to continue the sentencing proceedings.

Answer, Ex. D at 15.

## DISCUSSION

The denial of a motion to substitute counsel implicates a defendant's Sixth Amendment right to counsel and is properly considered in federal habeas. *See Schell v. Witek*, 218 F.3d 1017, 1023 (9th

1 Cir. 2000) (en banc). As an initial matter, the Court notes that petitioner relies on the three-part test for
2 reviewing such claims articulated in *Bland v. California Department of Corrections*, 20 F.3d 1469 (9th
3 Cir. 1994). However, the Ninth Circuit's *en banc* decision in *Schell* overruled *Bland* to the extent that
4 the *Bland* inquiry did not require a constitutional violation:

> In *Bland*, we said that the test is whether a state court's denial of such a motion was for "an abuse of discretion." *Bland*, 20 F.3d at 1475. In *Bland*, we described our considerations in reviewing the discretion exercised in the denial of the motion as "(1) timeliness of the motion; (2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense." Id. This protocol, of course, is the correct methodology for reviewing federal cases on direct appeal, *see United States v. Walker*, 915 F.2d 480, 482 (9th Cir. 1990), but our focus is different on direct review than in the context of a § 2254 proceeding. As the controlling statutes and the Supreme Court have pointed out on recent occasions, our only concern when reviewing the constitutionality of a state-court conviction is whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). *See also Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("The [habeas] court does not review a judgment, but the lawfulness of the petitioner's custody simpliciter.") (emphasis in original). A particular abuse of discretion by a state court may amount also to a violation of the Constitution, but not every state court abuse of discretion has the same effect. Accordingly, to the extent that they conflict with this opinion, we overrule *Bland* and *Crandell v. Bunnell*, 144 F.3d 1213 (9th Cir. 1998).

*Schell*, 218 F.3d at 1024-25. Thus, while the Court will consider the *Bland* factors in evaluating petitioner's claim, the ultimate inquiry is whether the trial court abused its discretion in such a way as to result in a violation of the Constitution. *Id.* at 1025.

Petitioner contends that the trial court abused its discretion by denying petitioner's requests for a continuance. Petitioner asserts that when he stated he wanted a continuance in order to "receive a second opinion over the whole entire situation prior to being sentenced so that certain issues that I have can be resolved and the second opinion of another attorney," he was alluding to a new trial motion. Answer, Ex. B-2, RT at 1253. Petitioner contends that the trial court "deliberately misled" him by telling him that the appellate process was the "only vehicle" in which to address his concerns regarding what took place during trial. Petitioner also contends that the trial court abused its discretion because the court failed to make an inquiry into the reasons why petitioner wanted to retain new counsel.

The Court concludes that petitioner has failed to demonstrate that the trial court abused its discretion. In applying the *Bland* factors, the Court first notes that petitioner's requests were made on the day of sentencing. Accordingly, this factor weighs strongly in favor of the trial court's decision not

3

to grant petitioner's request for new counsel. *See United States v. Cassel*, 408 F.3d 622, 638 (9th Cir. 2005) (on direct appeal, finding no abuse of discretion and noting that untimeliness of request for new counsel made on day of sentencing "weigh[s] heavily" in favor of lower court's decision); *see also United States v. Walters*, 309 F.3d 589, 592 (9th Cir. 2002) (defendant's Sixth Amendment right to counsel is qualified by the need for "fair, efficient, and orderly administration of justice.").

As to the second *Bland* factor, the Court finds that the trial court conducted an adequate inquiry as to the reason why petitioner wanted to retain new counsel. When petitioner's lawyer informed the trial court that petitioner wanted a continuance, the trial court asked, "Mr. Ferguson, anything you want to add?" Answer, Ex. B-2, RT at 1252-53. After petitioner expressed his generalized desire to obtain a "second opinion over the whole entire situation," the trial court asked, "Well, an opinion as to what?" *Id.* at 1253. Petitioner again responded generally, stating "As to the whole overall process of the trial that took place." *Id.* The trial court then explained that it was not procedurally feasible to obtain a second opinion on the entire trial prior to sentencing, and that petitioner could file an appeal.[2]

The third *Bland* factor – whether the conflict between the defendant and his attorney "was so great that it resulted in a total lack of communication preventing an adequate defense" – also supports the trial court's decision. Petitioner's request to substitute counsel was first made on the day of sentencing; the record does not reflect any prior requests, nor is there any other indication of conflict between petitioner and his counsel prior to that day. After petitioner generally stated that he wanted a "second opinion" on the trial, he also stated that he felt his lawyer was not "competent and aggressive enough in dealing with this situation." *Id.* at 1254. Petitioner did not elaborate on this statement. The Court finds that while the better course may have been to inquire further regarding what petitioner meant, the record does not show that the conflict between petitioner and his counsel was so significant that it impaired the sentencing proceeding. *Cf. United States v. Adelzo-Gonzalez*, 268 F.3d 772, 777-78 (9th Cir. 2001) (defendant repeatedly requested substitute counsel prior to trial; informed trial court that

---

[2] The Court further finds that the transcript does not support petitioner's assertion that the trial court "deliberately misled" him; to the contrary, the transcript shows that the trial judge adequately inquired into the reason petitioner wanted a continuance, and properly explained to him that the appellate process was the avenue by which he could have another lawyer examine "the entire process of this case from the beginning to end."

4

counsel had used profanity, ignored him, and threatened to "sink him").

## CONCLUSION

For the foregoing reasons, the Court DENIES the balance of petitioner's petition for writ of habeas corpus. (Docket No. 1).

**IT IS SO ORDERED.**

Dated: January 11, 2007

SUSAN ILLSTON
United States District Judge